# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-40556
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PAUL RICHARDSON JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-128-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Paul Richardson, Jr., appeals the sentence imposed following his conviction for transporting aliens within the United States for private financial gain. Richardson contends that the district court denied his due process rights by failing to allow him to rebut an inaccurate factual finding considered by the court in imposing his sentence. He also argues that his within-guidelines sentence is unreasonable and that the district court erred in applying the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement under U.S.S.G. § 2L1.1(b)(6) for intentionally or recklessly creating a risk of death or serious bodily injury.

Contrary to Richardson's argument, the district court allowed him the opportunity to rebut the finding that the $11,000 found in his hotel room was tied to the offense of conviction. The court considered the statements in the PSR and at the hearing that Richardson saved the money from his employment and intended it for use to purchase a house in Laredo. Additionally, the court's conclusion that the money was related to the offense of conviction is plausible in light of the record as a whole; thus, there was no clear error. See United States v. Villanueva, 408 F.3d 193, 203 (5th Cir. 2005).

Richardson's challenge to the reasonableness of his sentence is also without merit. The district court committed no significant procedural error as it properly calculated the guidelines range, did not treat the Guidelines as mandatory, and considered the 18 U.S.C. § 3553(a) factors. See Gall v. United States, 128 S. Ct. 586, 597 (2007). Where, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2463 (2007). Richardson has failed to demonstrate that his sentence is unreasonable. See Gall, 128 S. Ct. at 597.

Richardson transported 15 aliens in the sleeper compartment of his tractor-trailer. The aliens were standing in a small space and holding onto the walls and ceiling to maintain their balance while the truck was moving. The risk posed to the 15 aliens involves a greater risk than that of an ordinary passenger traveling without a seatbelt. See United States v. Zuniga-Amezquita, 468 F.3d 886, 889-90 (5th Cir. 2006). Thus, the district court did not err in imposing the enhancement under § 2L1.1(b)(6).

Accordingly, the judgment of the district court is AFFIRMED.